UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA BROWN,

        Plaintiff,

    v.

STEEL CAPITAL STEEL, L.L.C.,
PNC BANK, N.A., and FIRST
FRANKLIN LOAN SERVICING,

        Defendants.

_____/

CASE NO. 4:12-CV-12234
JUDGE GERSHWIN A. DRAIN
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON DEFENDANT STEEL CAPITAL STEEL'S
MOTION TO DISMISS (docket #5) and DEFENDANT PNC BANK'S CONCURRENCE
IN STEEL CAPITAL'S MOTION (docket #32)**

I.    <u>RECOMMENDATION</u>: The Court should grant defendant Steel Capital's motion to dismiss,

joined in by defendant PNC Bank, and should dismiss plaintiff's claims against these defendants.

The Court should also *sua sponte* dismiss plaintiff's claims against defendant First Franklin.

II.    <u>REPORT</u>:

A.    *Procedural Background*

        Plaintiff Victoria Brown, proceeding *pro se*, commenced this action on May 21, 2012,

against defendants Steel Capital Steel, L.L.C.; PNC Bank, N.A.; and First Franklin Loan Servicing.

Plaintiff's complaint concerns a mortgage on property at 506 Kaye Lani Avenue, Monroe, Michigan.

Viewed in the light most favorable to plaintiff, the complaint and the mortgage documents attached

to defendant Steel Capital's motion to dismiss[1] establish the following.  On June 6, 2005, plaintiff

---

        [1]As explained more fully in part B, *infra*, these documents may be considered by the Court
without converting defendant's motion to dismiss into a motion for summary judgment.

executed a mortgage in the amount of $111,100.00 in favor of First Franklin. *See* Def. Steel Capital's Mot. to Dismiss, Ex. 1. At that time, plaintiff also executed a Condominium Rider, Prepayment Rider, and Adjustable Rate Rider. *See id.* First Franklin assigned the mortgage to First Franklin Financial Corporation on January 10, 2006, *see id.*, Ex. 2, which in turn assigned the mortgage to Steel Capital on August 25, 2010, *see id.*, Ex. 5.[2]

Plaintiff filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan on September 22, 2010. *See In re Brown*, No. 10-69399 (Bankr. E.D. Mich.). Plaintiff listed defendant PNC Bank as the creditor of the mortgage held on the property. *See* Def. Steel Capital's Mot. to Dismiss, Ex. 12. Steel Capital commenced a non-judicial foreclosure by advertising notice of foreclosure on August 18 and 25 and September 1 and 8, 2011, and by posting a notice of mortgage sale at the property on August 23, 2011. A sheriff's sale was conducted on December 29, 2011, at which Steel Capital purchased the property for $40,000.00.

Plaintiff concedes that she received notice of the foreclosure. *See* Compl., ¶ 12. She alleges that on September 2, 2011, she sent a letter to Orlans Associates, P.C. (the law firm handling the foreclosure), acknowledging receipt of a letter requesting payment from a company (First Franklin) which she believed had been dissolved. She claimed in the letter that she believed she was the victim of corporate fraud. *See id.*, ¶ 13. Plaintiff alleges that she received an offer from Steel Capital to waive her rights in the property in exchange for $5,000.00, which she declined. *See id.*, ¶¶ 14-17. Plaintiff further alleges that she received additional offers to waive her rights in the property following the sheriff's sale. *See id.*, ¶¶ 18-22. Plaintiff asserts eight substantive causes of

---

[2]Prior to the assignment to Steel Capital, First Franklin Financial had assigned the mortgage back to First Franklin. *See id.*, Ex. 3. However, on November 28, 2011, First Franklin Financial recorded an affidavit which indicated that the assignment to First Franklin was in error and was null and void. *See id.*, Ex. 4.

action against defendants:[3] (1) lack of standing to foreclose based on invalid chain of title or assignment; (2) fraud and misrepresentation; (3) violation of the Michigan Consumer Protection Act; (4) violation of the Fair Debt Collection Practices Act; (5) violation of the Truth in Lending Act; (6) violation of § 3-302 of the Uniform Commercial Code; (7) negligent undertaking; and (8) negligent misrepresentation. Plaintiff's complaint also asserts that defendants' actions violate various federal criminal laws. Plaintiff seeks declaratory relief, an injunction requiring defendants to transfer legal title to and possession of the property to her, and $231,800.00 in damages.

The matter is currently before the Court on defendant Steel Capital's motion to dismiss, filed on June 13, 2012. Steel Capital argues that: (1) plaintiff lacks standing to challenge the underlying foreclosure by virtue of the expiration of the redemption period; and (2) even if plaintiff has standing, she fails to state a claim upon which relief may be granted with respect to any of her claims. Plaintiff filed a response to the motion, titled a "Brief in Support of Plaintiff's Motion for Summary Disposition and Countermotion to Deny Defendant's Motion to Dismiss," on August 2, 2012. On November 27, 2012, defendant PNC Bank filed a concurrence in Steel Capital's motion to dismiss. For the reasons that follow, the Court should grant Steel Capital's motion and dismiss plaintiff's claims against both Steel Capital and PNC Bank. The Court should also dismiss plaintiff's claims against defendant First Franklin *sua sponte*.[4]

B.    *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided

---

[3]The Counts of plaintiff's complaint are labeled Counts I-V and Counts VII-X, omitting Count VI. To avoid confusion, I will refer to the counts as they are labeled in plaintiff's complaint. Count II seeks declaratory and injunctive relief, but does not assert an independent claim for relief.

[4]First Franklin has not yet been served with the complaint in this case.

3

for in FED. R. CIV. P. 12(b)(6).  In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim.  *Id*. at 47.  Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.  However, as the Supreme Court has recently explained, bare legal conclusions need not be accepted by the Court, and a pleading must contain sufficient factual allegations to show that the allegations are plausible:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly* , 550 U.S. 544 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*., at 557 (brackets omitted).
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule

4

8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 566 U.S. 662, 677-79 (2009) (parallel citations omitted).

To the extent that plaintiff alleges fraudulent conduct on the part of defendants, such allegations must satisfy the heightened pleading requirement of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).  To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation omitted).

Ordinarily, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56.  *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).  However, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c).  Thus, the Court may consider the exhibits attached to plaintiff's complaint

5

in deciding whether the complaint states a claim upon which relief may be granted.  *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996).  Further, "[a] court may consider a document that is not formally incorporated by reference or attached to a complaint if the document is referred to in the complaint and is central to the plaintiff's claim" without converting the motion to dismiss into one for summary judgment.  *Welch v. Decision One*, No. 12-10045, 2012 WL 4008730, at *2 (June 25, 2012) (Randon, M.J.) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)), *magistrate judge's report adopted*, 2012 WL 4020976 (E.D. Mich. Sept. 12, 2012) (Rosen, J.); *see also*, *Nixon v. Wilmington Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008).  More specifically, "[i]n an action challenging a mortgage foreclosure or a failure to make required loan disclosures, this consideration may include documents 'exchanged between plaintiff [and her] mortgage lender at the time of the transaction at issue.'" *Welch*, 2012 WL 4008730, at *2 (quoting *Marshall-Ford v. Wells Fargo Mortgage*, No. 08-15277, 2009 WL 2849524, at *1 n.3 (E.D. Mich. Aug. 31, 2009) (Rosen, J.).  Thus, the court may consider the mortgage documents attached to defendant's motion without converting the motion into a motion for summary judgment.

C.    *Analysis*

    1.    *Plaintiff's Standing to Challenge Foreclosure*

    As an initial matter, plaintiff lacks standing to raise any state law claims challenging the validity of the foreclosure.  Under Michigan law, a property owner in default has six months following a foreclosure sale in which to redeem the property by paying the amount owing, *see* MICH.

COMP. LAWS § 600.3240(8), and once this period expires "all of plaintiff's rights in and title to the property are extinguished." *Overton v. Mortgage Electronic Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *see also*, MICH. COMP. LAWS § 600.3236. Thus, "[u]pon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing." *Awad v. General Motors Acceptance Corp.*, No. 302692, 2012 WL 1415166, at *4 (Mich. Ct. App. Apr. 24, 2012). Although plaintiff undoubtedly had standing under Article III of the Constitution, *see Houston v. U.S. Bank Home Mortg. Wisc. Servicing*, ___ Fed. Appx. ___, ___, 2012 WL 5869918, at *4 (6th Cir. Nov. 20, 2012), with respect to any state law claims plaintiff is raising she must also satisfy any state law standing requirements applicable to her claim. *See Williams v. Pledged Property II, LLC*, ___ Fed. Appx. ___, ___ n.2, 2012 WL 6200270, at *2 n.2 (6th Cir. Dec. 13, 2012). Because plaintiff did not redeem within the six month redemption period, plaintiff lacks standing under state law to pursue her state law claims challenging the foreclosure and sheriff's sale. *See id*. at *3. In any event, as explained below even if plaintiff has standing, defendants are entitled to dismissal of plaintiff's claims on the merits.

   2.   *Merits of Plaintiff's Claims*

      a.   *Standing to Foreclose/Assignment (Count I)*

   In her first count, plaintiff contends that "defendant"[5] lacked standing to foreclose and that the assignment was invalid. This count fails to state a claim upon which relief may be granted. Plaintiff lacks standing to challenge the assignment of the mortgage. The mortgage note explicitly grants the lender a right to sell or assign the note. *See* Def. Steel Capital's Mot. to Dismiss, Ex. 1,

---

   [5]With respect to each count, the complaint does not specify which defendant or defendants are implicated by the count.

¶ 20.  This being the case, any problems in any assignment of the mortgage is a matter between the parties to the assignment, but does not relieve plaintiff of the indebtedness or provide a basis upon which plaintiff can challenge the assignment.  *See Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 736-37 (E.D. Mich.) (Feikens, J.), *aff'd*, 399 Fed. Appx. 97, 102-03 (6th Cir. 2010).

To the extent plaintiff argues that defendant Steel Capital did not have an enforceable interest in the note which gave Steel Capital standing to foreclose under Michigan law, plaintiff's claim is without merit.  Plaintiff appears to be referring to the Michigan Court of Appeals' decision in *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2011), *rev'd*, 490 Mich. 909, 805 N.W.2d 183 (2011).  In *Saurman*, the court considered whether Mortgage Electronic Registration Systems (MERS), which was not named as the lender but was designated the mortgagee as a nominee for the lender, could foreclose by advertisement under § 600.3204.  The court held that MERS could not invoke § 600.3204, because as only a nominee of the lender it did not itself have an interest in the indebtedness itself, but only an interest in the property.  *See Saurman*, 292 Mich. App. at 331-37, 807 N.W.2d at 417-20.  Judge Wilder dissented, concluding that MERS did, as the mortgagee, have an interest in the indebtedness.  *See id*. at 346-50, 807 N.W.2d at 424-27 (Wilder, J., dissenting).  Plaintiff's reliance on the *Saurman* rule is misplaced, for two reasons.  First, the Michigan Supreme Court reversed the court of appeals's decision, explicitly adopting Judge Wilder's conclusion that MERS had an interest in the indebtedness.  *See Saurman*, 805 N.W.2d at 183-84.  Second, defendant does not stand in the same position as did MERS in *Saurman*.  Here, First Franklin was both the lender and the mortgagee, and thus had an interest in the indebtedness.  Unlike with MERS, however, First Franklin assigned its entire interest, including its interest in the

8

indebtedness, to First Franklin Financial, which in turn assigned its entire interest to defendant Steel Capital. Thus the court of appeals's decision in *Saurman* would be inapplicable even if it remained good law. *See Williams v. U.S. Bank Nat'l Ass'n*, No. 10-14967, 2011 WL 2293260, at *1 (E.D. Mich. June 9, 2011) (O'Meara, J.). Thus, defendants are entitled to dismissal of plaintiff's claim related to the assignment and defendant Steel Capital's standing to foreclose under Michigan law.

### b. Fraud (Count III)

In her third count, plaintiff alleges that defendant "did misrepresent facts, or purposely fail to disclose material facts, in the alleged lending or servicing of mortgage loans," that the "facts misrepresented were material to the transactions at issue," and defendant knew the representations were false, and that plaintiff "justifiably relied upon the misrepresentations[.]" Compl., ¶¶ 36-40. Apart from simply asserting the elements of fraud, however, the complaint does not allege any specific fraudulent actions on the part of defendants or any of their agents or employees. Plaintiff does not allege, as required by Rule 9(b), who made fraudulent statements or omissions, what those statements were, when they were made, or how she relied on them to her detriment. Plaintiffs' conclusory allegations of fraud are insufficient to state a claim. *See Harvey v. PNC Bank*, No. 12-CV-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (Hood, J.); *Elson v. Deutsche Bank Nat'l Trust Co.*, No. 11-14100, 2012 WL 1902916, at *10 (E.D. Mich. May 25, 2012) (Rosen, J.). Accordingly, defendants are entitled to dismissal of the fraud claim.

### c. Michigan Consumer Protection Act (Count IV)

In Count IV, plaintiff asserts, in conclusory fashion, that defendant "did violate the Michigan Consumer Protection Act." Plaintiff does not allege that defendants violated any specific provision of the MCPA, or engaged in any conduct violative of the Act other than their allegedly illegal

foreclosure.  By its terms, the MCPA does not apply to transactions or conduct "specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States."  Because mortgage loan transactions are authorized and regulated by numerous state and federal laws, "[b]oth Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions." *Chungag v. Wells Fargo Bank, N.A.*, No. 10–14648, 2011 WL 672229, at *4 (E.D. Mich. Feb.17, 2011) (Edmunds, J.) (citing *Newton v. Bank West*, 262 Mich. App. 434, 686 N.W.2d 491, 494 (2004); *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 910 (E.D. Mich.2003), *aff'd*, 172 Fed. Appx. 652 (6th Cir.2006)).  Accordingly, defendants are entitled to dismissal of plaintiff's MCPA claim.

### d.  Fair Debt Collections Practices Act (Count V)

Plaintiff next contends that defendants violated the Fair Debt Collections Practices Act by using false and deceptive means, harassing her, utilizing unfair means to collect a debt, and failing to provide required notices.  Again, however, plaintiff merely alleges the statutory causes of action; she does not allege any facts which show that any provision of the FDCPA was violated by defendants.  This is insufficient to state a claim.  *See Iqbal*, 566 U.S. at 678 (internal quotation and citation omitted) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.").  Moreover, by its terms the statute applies only to a "debt collector," *see Glazer v. Chase Home Finance LLC*, ___ F.3d ___, ___, 2013 WL 141699, at *2 (6th Cir. Jan. 14, 2013), which is defined as a person who "attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Thus, "a creditor

is not a debt collector under the FDCPA." *Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011)

(citing *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734-35 (6th Cir. 2007)).  Defendant is not

attempting to collect a debt owed another.  Rather, by virtue of the assignment, defendant owns the

debt and is plaintiff's creditor.  Thus, defendant is not subject to the FDCPA and is entitled to

dismissal of plaintiff's FDCPA claim.

### e. Truth in Lending Act (Count VII)

Plaintiff also alleges that defendants violated the Truth in Lending Act (TILA).  Apart from

containing any factual averments to support this claim, *see Iqbal*, 566 U.S. at 678, the complaint

fails because any TILA claim is barred by the statute of limitations.  TILA provides a civil cause of

action for damages arising from TILA violations in 15 U.S.C. § 1640.  That section, however,

provides that "[a]ny action under this section may be brought in any United States district court, or

in any other court of competent jurisdiction, within one year from the date of the occurrence of the

violation."  15 U.S.C. § 1640(e).[6]  By the plain language of the statute, plaintiff's TILA claim

accrued at the time of the alleged failure to disclose, that is, when the loan was consummated on

June 6, 2005.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir.

2011).  The one year period therefore began to run on June 7, 2005, and expired on June 6, 2006.

Because plaintiff's complaint was not filed until May 21, 2012, nearly six years after the limitations

period expired, it is barred by § 1640(e).  *See Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104,

1109 (6th Cir. 2012); *Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 897 (E.D. Mich. 2011) (Cohn,

---

[6]A borrower may assert TILA violations beyond the one year period defensively to obtain recoupment or set-off in an action by the lender to collect the debt.  *See* 15 U.S.C. § 1640(e).  Because plaintiff is basing her own cause of action on the TILA violations, this portion of § 1640(e) is inapplicable.

J.).[7]  Accordingly, the Court should conclude that defendants are entitled to dismissal of plaintiff's TILA claim.

### f.  Uniform Commercial Code (Count VIII)

Plaintiff alleges that her name was forged by defendant, and asserts a violation of § 3-302 of the Uniform Commercial Code based on defendants' failure to present the original note.  Plaintiff also asserts in her response to Steel Capital's motion that defendants were not the holders of the note.  Defendants are entitled to dismissal of this claim.  "Article 3 of the UCC does not apply to a mortgage for real property, because it is not a negotiable instrument."  *Pace v. Bank of America, N.A.*, No. 12-12014, 2012 WL 5929931, at *2 (E.D. Mich. Nov. 27, 2012) (O'Meara, J.); *see also*, *Jaboro v. Wells Fargo Bank, N.A.*, No. 10-11686, 2010 WL 5296939, at *6 (E.D. Mich. Dec. 20, 2010) (Duggan, J.).  Further, plaintiff has no standing to challenge the validity of the assignment.  And in any event, the foreclosure by advertisement statute simply requires that the party instituting the foreclosure have an interest in the indebtedness.  There is no requirement that the defendants produce the original note or be a holder in due course of the note.  *See Smith v. MERS*, No. 10-12508, 2011 WL 4469148, at *9 (E.D. Mich. Aug. 4, 2011) (Hluchaniuk, M.J.), *report and recommendation adopted*, 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011) (O'Meara, J.).  All that is required under MICH. COMP. LAWS § 600.3204 is that the party foreclosing have an interest in the indebtedness.  As explained above, Steel Capital clearly had such an interest, and thus it had

---

[7]Under 15 U.S.C. § 1635(f), a borrower has a continuing right to rescission of the loan agreement if TILA disclosures are never made that is not subject to the one year limitations period in § 1640(e).  *See Mills v. EquiCredit Corp.*, 172 Fed. Appx. 652, 655 (6th Cir. 2006).  This right of rescission itself, however, expires at the earlier of three years after the date of consummation or the sale of the property.  *See id.*; 15 U.S.C. § 1635(f).  Because both the property has been sold and it has been over three years since the transaction was consummated, plaintiff's right of rescission has expired, even if defendants completely failed to make TILA disclosures.

standing to initiate the foreclosure under Michigan law.  Accordingly, the Court should dismiss plaintiff's UCC claim.

### g.   Negligent Undertaking and Negligent Misrepresentation (Count IX)

In her final two claims, plaintiff asserts causes of action for negligent undertaking and negligent misrepresentation.  Again, plaintiff has failed to allege any facts to support these causes of action.  Nor has plaintiff pleaded these claims with particularity under Rule 9(b) as she is required to do, as these claims sound in fraud.  *See Even v. BAC Home Loan Servicing LP*, No. 12-12066, 2012 WL 4867753, at *4 (E.D. Mich. Oct. 15, 2012) (Roberts, J.).  Further, plaintiff cannot allege the elements of a negligent misrepresentation claim.   "'A claim for negligent misrepresentation requires [a] plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care.'"  *Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 921 (E.D. Mich. 2012) (Cohn, J.) (quoting *Unibar Maint. Serv., Inc. v. Saigh*, 283 Mich. App. 609, 769 N.W.2d 911) (2009)).  Because it is well established under Michigan law that a "lender does not owe a duty of care to a loan applicant," *Yaldu v. Bank of America Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) (Lawson, J.), plaintiff cannot allege a negligent misrepresentation claim.  *See Dingman*, 859 F. Supp. 2d at 921.  Accordingly, the Court should conclude that defendants are entitled to dismissal of these claims.

### 3.   Claims Against First Franklin

Defendant First Franklin has not been served with the complaint, and therefore has not moved for dismissal.  Nevertheless, the Court should conclude that First Franklin is entitled to dismissal *sua sponte*.  It is well established that "[a] court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving

13

defendants or where the claims against all defendants are integrally related." *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); *see also*, *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008). A court dismissing a plaintiff's claims against moving defendants may *sua sponte* dismiss non-moving defendants as well where "it is clear that the same ruling would inevitably apply to each of the defendants." *Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F. Supp. 1180, 1189 n.11 (W.D. Mo. 1983). Here, plaintiff's claims against defendants are undifferentiated–the complaint asserts all of the claims against the "defendants" collectively. Thus, for the same reasons that the moving defendants are entitled to dismissal, First Franklin is likewise entitled to dismissal.

D.    *Opportunity to Amend*

As a general rule, where a complaint fails to state a claim, a court should generally give a *pro se* party an opportunity to amend the complaint unless it plainly appears that the plaintiff will be unable to allege sufficient facts to state a claim. *See Brown v. Matauszak*, 415 Fed. Appx. 608, 614-15 (6th Cir. 2011); *Gordon v. England*, 354 Fed. Appx. 975, 981-82 (6th Cir. 2009). Indeed, even in the case of represented parties the Sixth Circuit has "held that 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (quoting *Equal Employment Opportunity Comm'n v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993) (in turn quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991))). Nevertheless, the Court should conclude that plaintiff is not entitled to amend her complaint.

Notwithstanding the general rule that a plaintiff should be given an opportunity to amend the

14

complaint prior to dismissal of the action, a Court may dismiss the action where amendment would

be futile.  Here, plaintiff raises a litany of vague, conclusory claims that have been repeatedly

rejected by the federal courts.  For the most part, the claims are without merit regardless of the facts

alleged by plaintiff.  For example, regardless of any additional factual allegations plaintiff could

make, it is clear that her FDCPA claim fails because defendants are not debt collectors, that her

TILA claim is time barred, and that her UCC, MCPA, standing, and negligent misrepresentation

claims simply provide no legal basis for relief.  Plaintiff does not offer in her response any additional

factual allegations, or any basis upon which to conclude that she could allege any facts that would

be sufficient to state a claim for relief on any of the legal bases asserted in the complaint.  In these

circumstances, the Court may dismiss the action without first providing plaintiffs an opportunity to

amend the complaint.  *See Easton v. Fannie Mae*, No. 12-cv-10663, 2012 WL 1931536, at *4 (E.D.

Mich. May 29, 2012) (Steeh, J.); *Dersch v. BAC Home Loan Servicing, LP*, No. 1:11-CV-267, 2011

WL 3100561, at *4 (W.D. Mich. July 25, 2011).

E.     *Conclusion*

       In view of the foregoing, the Court should conclude that plaintiff's complaint fails to state

any claim upon which relief may be granted.  Accordingly, the Court should grant defendant Steel

Capital's motion to dismiss, and should dismiss plaintiff's claims against defendants Steel Capital

and PNC Bank.  If the Court accepts this recommendation, the Court should also *sua sponte* dismiss

plaintiff's claims against defendant First Franklin.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

       The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

15

R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/22/13

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on January 22, 2013.

s/Eddrey Butts
Case Manager