UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA BROWN,

       Plaintiff,                        Case No. 12-12234
                                          HON. GERSHWIN A. DRAIN

vs.


STEEL CAPITAL STEEL, LLC, *et al.*,

       Defendants.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION [#33], GRANTING STEEL CAPITAL STEEL LLC'S MOTION TO DISMISS [#5] AND DISMISSING ACTION WITH PREJUDICE**

**I.     INTRODUCTION**

On May 21, 2012, Plaintiff, Victoria Brown, filed the instant action challenging the foreclosure of a mortgage that encumbered property located at 506 Kaye Lani Avenue in Monroe, Michigan. On June 13, 2012, Defendant Steel Capital Steel, LLC, filed a Motion to Dismiss, which was referred to Magistrate Judge Paul J. Komives for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On January 22, 2013, Magistrate Judge Komives issued a Report and Recommendation recommending that the Court grant Steel Capital's Motion to Dismiss, joined by Defendant PNC Bank, and dismiss Plaintiff's claims against these Defendants. Magistrate Judge Komives also recommends that the Court *sua sponte* dismiss Plaintiff's claims against Defendant First Franklin.

On February 1, 2013, Plaintiff filed a "Motion for Judicial Notice Pursuant to Federal Rules of Evidence 201(b)(2) & Federal Rules of Evidence 201(c)(2)/Objection to Magistrate Paul J. Komives Report and Recommendation to Dismiss Civil Action 4:12-cv-12234." For the reasons that follow, the Court accepts and adopts Magistrate Judge Komives's Report and Recommendation and dismisses Plaintiff's Complaint.

On June 6, 2005, Plaintiff granted a mortgage against the property to Defendant First Franklin in order to secure financing in the amount of $111,100.00 to purchase the property at issue herein. On June 15, 2005, the mortgage was recorded in Liber 2940, Monroe County Records. The mortgage was assigned to Defendant Steel Capital Steel pursuant to an assignment of mortgage recorded on December 10, 2010. Plaintiff defaulted under the loan and Defendant Steel Capital commenced non-judicial foreclosure by advertisement. A sheriff's sale was conducted on December 29, 2011.

**II.   ANALYSIS**

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Here, the Court agrees with the Magistrate Judge that Plaintiff's claims are subject to dismissal. Plaintiff has failed to demonstrate any irregularity or fraud sufficient to justify setting aside the sheriff's sale. The objections contained in Plaintiff's February 1, 2013 filing do not constitute valid objections because she merely argues a series of legal principles with no explanation

as to their potential application to her claims. A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the Magistrate Judge. An objection that does nothing more than disagree with the Magistrate Judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).

As the Magistrate Judge correctly found, Plaintiff lacks standing to challenge the assignment of the mortgage to Defendant Steel Capital. A non-party cannot challenge a mortgage assignment. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. A'ppx 97, 102 (6th Cir. 2010). The assignment was recorded a year before Defendant Steel Capital commenced foreclosure proceedings. Thus, Steel Capital had sufficient interest in the indebtedness to commence foreclosure proceedings. *See* MICH. COMP. LAWS § 600.3204(3) ("If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.")

Additionally, Plaintiff's fraud claims fail because Plaintiff fails to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires that claims concerning allegations of fraud be stated with particularity. *Coffey v. Foamex*, 2 F.3d 157, 161-62 (6th Cir. 1993). Plaintiff fails to state the fraudulent misrepresentations made by Defendants, when these statements were made, or how Plaintiff relied on such misrepresentations. Accordingly, Plaintiff's fraud claim is subject to dismissal. *See Yermian v. Countrywide Home Loans, Inc.*, No. 09-cv-12665, 2009 U.S. Dist. LEXIS 117901 (E.D. Mich. Dec. 17, 2009).

Further, it is well settled that the Michigan Consumer Protection Act does not apply to claims

arising out of residential mortgage loan transactions. *See Chungag v. Wells Fargo Bank, N.A.*, No. 10-14648, 2011 WL 67229, at *4 (E.D. Mich. Feb. 17, 2011). Likewise, Defendants are not subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, because Defendant is not a debt collector under the Act. *See Joyner v. MERS*, 451 Fed. Appx. 505, 507 (6th Cir. 2011). Further, Plaintiff's claim under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* is time barred because Plaintiff filed her claim nearly six years after the statute of limitations expired. *See* 15 U.S.C. § 1640(e); *Coyer v. HSBC Mortg. Servs. Inc.*, 701 F.3d 1104, 1109 (6th Cir. 2012).

Lastly, the Court finds that an amendment to Plaintiff's claims would be futile since all of Plaintiff's claims lack merit. Plaintiff has failed to provide any factual allegations in her objections suggesting that she could allege facts that would state a claim for relief under any of the legal theories she asserts. Further, Plaintiff's claims against Defendant First Franklin are likewise subject to dismissal. Plaintiff has failed to serve First Franklin, however this Court has the authority to dismiss her claims *sua sponte.* All of Plaintiff's claims are integrally related and this Court's conclusion that none of her claims have merit similarly applies to Defendant First Franklin. *See Rose v. Arkansas Valley Envtl. & Utility Auth.*, 562 F.Supp. 1180, 1189 n. 11 (W.D. Mo. 1983).

### III. CONCLUSION

For the reasons set forth above, Magistrate Judge Komives's January 22, 2013 Report and Recommendation is accepted as this Court's findings of fact and conclusions of law.

Defendant Steel Capital Steel LLC's Motion to Dismiss [#5] is GRANTED.

Plaintiff's complaint is dismissed.

SO ORDERED.

Dated: February 28, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2013, by electronic and/or ordinary mail and also to Victoria Brown.

/s/ Tanya Bankston
Deputy Clerk

---